HUGH R. MANES
MANES & WATSON
3435 Wilshire Boulevard
Suite 2900
Los Angeles, California 90010-2015
Telephone: (213) 381-7793

Attorneys for plaintiffs Brian Bowne Scott and
Stephanie Allison Scott, minor

FILED
CLERK US DISTRICT COURT
MAR 29 2000
CENTRAL DISTRICT OF CALIFORNIA
BY           DEPUTY

FILED
CLERK US DISTRICT COURT
MAR 28 2000
CENTRAL DISTRICT OF CALIFORNIA
BY           DEPUTY

ENTERED
CLERK, U.S. DISTRICT COURT
MAR 31 2000
CENTRAL DISTRICT OF CALIFORNIA
BY           DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCES SCOTT, et al., | CASE NO. CV 93-1319 DT |
| Plaintiffs, | Consolidated with CV 95-6931 DT and CV 93-3830 DT |
| vs. | INTRA - PLAINTIFF AGREEMENT AS TO APPORTIONMENT OF SETTLEMENT PROCEEDS AND ORDER |
| SHERMAN BLOCK, et al., | |
| Defendants. | |

Come now plaintiffs FRANCES SCOTT, BRIAN BOWNE SCOTT, STEPHANIE SCOTT, a minor, by her guardian ad litem, Karen Scott, SUSAN SCOTT, DENISE SCOTT, and ESTATE OF DONALD SCOTT, by their respective counsel of record, and represent to the Court that agreement has been reached by, between and among all plaintiffs to apportion the global settlement in the within consolidated cause, as set forth below.

I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD, IN THIS ACTION, ON THIS DATE.
DATED    MAR 3 1 2000
DEPUTY CLERK

## PREAMBLE

The global settlement in this case is $5,000,000.00, one fifth of which is being paid by the defendant UNITED STATES OF AMERICA, and the other four-fifths of which is being paid by the defendant COUNTY OF LOS ANGELES.

An equal division of the settlement proceeds among the six plaintiffs in this consolidated action would result in a gross distributive share to each in the sum of $833,334.

Docketed
Copies / NTC Sent
JS - 5 / JS - 6
JS - 2 / JS - 3
CLSD

1

However, plaintiffs and their counsel each recognize that the legal work, research and legal services done and performed by the attorneys for plaintiff FRANCES SCOTT significantly exceeds that done by attorneys for the remaining plaintiffs so that an adjustment needs to be made in the distribution to compensate said plaintiff and her attorneys therefor.

Accordingly, plaintiff SUSAN SCOTT and DENISE SCOTT agree to yield portions of their respective shares, and attorneys for BRIAN SCOTT and STEPHANIE SCOTT agree to yield a portion of their fees to plaintiff FRANCES SCOTT, which adjustments are reflected in the agreed apportionment and distribution set forth below:

1. Plaintiff FRANCES SCOTT to receive the gross sum of $1,149,833.33, from which gross sum shall be deducted all costs and attorneys fees pursuant to and in accordance with the retainer agreement between said plaintiff and her counsel of record in the within consolidated cause.

2. Plaintiff BRIAN BOWNE SCOTT to receive the gross sum of $791,750.00, from which the following shall be deducted and paid to the law firm of MANES & WATSON, counsel of record for said plaintiff, to wit:

   a) One half of costs incurred in the within consolidated action if the sum of $4,871.28

   b) Attorneys fees totaling $472,224, of which the sum of $41,584 shall be relinquished and paid to plaintiff Frances Scott and her attorneys of record.

3. Plaintiff STEPHANIE ALLISON SCOTT to receive the gross sum of $791,720.00, from which gross sum the following costs and attorneys fees shall be deducted, subject to the approval of the Court:

   a) One half costs incurred in the within consolidated action in the sum of $4,871.28

   b) Attorneys fees totaling $208,334, of which the sum of $41,584 shall be relinquished and paid to plaintiff Frances Scott, and her attorneys of record.

4. Plaintiff DENISE SCOTT, and through her guardian ad litem, Rosalyn Scott, to receive the gross sum of $725,333.33, from which gross sum costs and attorneys fees shall be

2

1  deducted and paid to said plaintiff's attorneys of record, to wit: STEINER & SAFFER, pursuant
2  to and in accordance with their retainer agreement;
3      5.    Plaintiff SUSAN ALYS SCOTT, to receive the gross sum of $708,833.34, from
4  which gross sum costs and attorneys fees shall be deducted and paid to said plaintiff's attorneys of
5  record, to wit: LONGO & LONGO, LLP; pursuant to and in accordance with their retainer
6  agreement.
7      6.    Plaintiff ESTATE OF DONALD SCOTT is to receive the gross sum of $833,000.00,
8  from which shall be deducted and paid to said plaintiff's attorneys of record, to wit:
9  SCHONBRUM, DE SIMONE, SEPLOW, HARRIS & HOFFMAN, LLP, costs and attorneys fees
10 pursuant to and in accordance with their retainer agreement.
11     KAREN SCOTT, the guardian ad litem for plaintiff STEPHANIE ALLISON SCOTT
12 is authorized to invest up to eighty percent (80%) of said plaintiff's net settlement share in a 20
13 year life annuity; and the balance to be paid into a blocked interest paying account at a court
14 appointed banking institution until her twenty-first birthday, at which time all funds and annuities
15 shall be turned over to said plaintiff's possession and control.
16     We, the undersigned counsel of record for the above specified plaintiffs herewith
17 agree to and approve the foregoing.

DATED: March 26, 2000

MANES & WATSON

By _____
HUGH R. MANES
Attorneys for Brian Bowne Scott
and Stephanie Allison Scott

DATED: March ___, 2000

COCHRAN, CHERRY, GIVENS, SMITH & FERRER, P.C.

By _____
ERIC G. FERRER

3

1 | deducted and paid to said plaintiff's attorneys of record, to wit: STEINER & SAFFER, pursuant
2 | to and in accordance with their retainer agreement;

5. Plaintiff SUSAN ALYS SCOTT, to receive the gross sum of $706,833.34, from which gross sum costs and attorneys fees shall be deducted and paid to said plaintiff's attorneys of record, to wit: LONGO & LONGO, LLP; pursuant to and in accordance with their retainer agreement.

6. Plaintiff ESTATE OF DONALD SCOTT is to receive the gross sum of $833,000.00, from which shall be deducted and paid to said plaintiff's attorneys of record, to wit: SCHONBRUM, DE SIMONE, SEPLOW, HARRIS & HOFFMAN, LLP, costs and attorneys fees pursuant to and in accordance with their retainer agreement.

KAREN SCOTT, the guardian ad litem for plaintiff STEPHANIE ALLISON SCOTT is authorized to invest up to eighty percent (80%) of said plaintiff's net settlement share in a 20 year life annuity; and the balance to be paid into a blocked interest paying account at a court appointed banking institution until her twenty-first birthday, at which time all funds and annuities shall be turned over to said plaintiff's possession and control.

We, the undersigned counsel of record for the above specified plaintiffs herewith agree to and approve the foregoing.

DATED: March 27, 2000

MANES & WATSON

By _____
HUGH R. MANES
Attorneys for Brian Bowne Scott
and Stephanie Allison Scott

DATED: March 27, 2000

COCHRAN, CHERRY, GIVENS, SMITH & FERRER, P.C.

By _____
ERIC G. FERRER
Johnnie L. Cochran, J.

3

```
 1   DATED: March 28, 2000            STEINER & SAFFER

 2                                    By /s/ David P. Steiner
 3                                       DAVID P. STEINER
                                         Attorneys for Plaintiff Denise Scott
 4

 5   DATED: March ___, 2000           SCHONBRUN & DE SIMONE

 6

 7                                    By _____
                                         MICHAEL SKOLOW
 8                                       Attorneys for Estate of
                                         Donald Scott
 9

10   DATED: March ___, 2000           LONGO & LONGO, LLP

11

12                                    By _____
                                         FRANK T. LONGO
13                                       Attorneys for Plaintiff
                                         Susan Alys Scott
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
```

5

| | | |
|---|---|---|
| 1 | DATED: March ____, 2000 | STEINER & SAFFER |
| 2 | | |
| 3 | | By _____ |
| 4 | | DAVID P. STEINER<br>Attorneys for Plaintiff Denise Scott |
| 5 | DATED: March 28, 2000 | SCHONBRUN & DE SIMONE |
| 6 | | |
| 7 | | By /s/ Michael Seplow |
| 8 | | MICHAEL SEPLOW<br>Attorneys for Estate of |
| 9 | | Donald Scott |
| 10 | DATED: March ____, 2000 | LONGO & LONGO, LLP |
| 11 | | |
| 12 | | By _____ |
| 13 | | FRANK J. LONGO<br>Attorneys for Plaintiff |
|   | | Susan Alys Scott |

4

| | | |
|---|---|---|
| 1 | DATED: March ___, 2000 | STEINER & SAFFER |
| 2 | | |
| 3 | | By _____<br>DAVID P. STEINER<br>Attorneys for Plaintiff Denise Scott |
| 4 | | |
| 5 | DATED: March ___, 2000 | SCHONBRUN & DE SIMONE |
| 6 | | |
| 7 | | By _____<br>MICHAEL SEPLOW<br>Attorneys for Estate of Donald Scott |
| 8 | | |
| 9 | | |
| 10 | DATED: March 28, 2000 | LONGO & LONGO, LLP |
| 11 | | |
| 12 | | By _[signature]_<br>FRANK J. LONGO<br>Attorneys for Plaintiff Susan Alys Scott |

4

## ORDER RE DISTRIBUTION OF SETTLEMENT PROCEEDS

The Court, having read the attached Intra-Plaintiff Agreement apportioning the proceeds of the global settlement proceeds being in the sum of $5,000,000.00, herewith approves the provisions thereof in their entirety, including those relating to the distributive share of plaintiff STEPHANIE ALLISON SCOTT, a minor; and accordingly,

IT IS ORDERED, ADJUDGED AND DECREED that said global settlement proceeds be apportioned, distributed and paid to plaintiffs and to their respective counsel of record in accordance with the terms and conditions thereof.

DATED: MAR 29 2000

DICKRAN TEVRIZIAN
DICKRAN TEVRIZIAN
JUDGE OF THE UNITED STATES
DISTRICT COURT